IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA,**

   v.              Criminal No. 03-132
                     Civil Action No. 08-391

**JAMES LAMONT HAIRSTON,**
  **Defendant.**

## MEMORANDUM OPINION

**I. Introduction.**

Petitioner James Lamont Hairston has filed a Motion to Vacate, Set Aside, Modify or Correct Sentence Under 28 U.S.C. Section 2255 (doc. no. 64). Following this Court's "Miller notice" (doc. no. 66), see *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), petitioner elected to have his Motion to Vacate decided as filed, and the government filed its response thereto (doc. no. 71). The background for this Motion to Vacate was set forth in the unpublished opinion of the United States Court of Appeals for the Third Circuit in *United States v. Hairston*, 220 Fed. Appx. 147 (3d Cir. 2007) following summary remand to this Court to resentence petitioner in light of *United States v. Booker*, 543 U.S. 220 (2005), as follows:

> James Hairston appeals his sentence, which was imposed after he pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d). Hairston also agreed to acknowledge responsibility for an additional count of § 2113(a) bank robbery, which was charged in his indictment, but to which he did not plead guilty. For the reasons stated below, we hold that Hairston's sentence is reasonable and adequately accounts for Hairston's mental capacity and the seriousness of his criminal history, and that the District Court otherwise properly considered all of the 18 U.S.C. § 3553(a) factors.
>
> I.
>
> Because the parties are familiar with facts of this case, we will only discuss them as necessary to our analysis. In a previous appeal before this Court, Hairston filed a motion for summary remand of his initial 188-month sentence,

which was granted with the government's consent. The sole purpose of the remand was to sentence Hairston in accordance with . . . *Booker* . . . . On July 14, 2005, the District Court resentenced Hairston to 180 months' imprisonment-eight months below the guideline range of 188 to 235 months, and well below the statutory maximum of 65 years' imprisonment.

On appeal, Hairston argues that the District Court, in applying the 18 U.S.C. § 3553(a) factors, failed to consider sufficiently his mental health problems and to account for the fact that his classification as a career offender overstated the seriousness of his criminal history. As a result, Hairston argues, his 180-month sentence was unreasonable.

II.

. . . Hairston's appeal is without merit because the record reveals that upon resentencing the Court carefully considered Hairston's mental capacity and criminal history, and appropriately reduced his sentence by eight months. The Court explained that:

> the sentence imposed [is] sufficient but not greater than necessary for the sentence to reflect the seriousness of the offense; promote respect for the law and provide just punishment for the offense; to afford adequate deterrence; to protect against the commission of further crimes by the defendant; and provide the defendant with the needed and effective educational or vocational training, medical care or other correctional treatment.

(App.301-02.) The Court also recommended that "the defendant be placed in a facility where he can receive mental health treatment if the Bureau of Prisons believe[s] that is necessary." ( *Id*. at 301.) Although the Court did not discuss the factors stressed by Hairston- his persistent homelessness, mental deficiency, and drug dependence- the Court reviewed and adopted the PSR which contains the facts underlying Hairston's challenge to his career offender status. The Court reasonably exercised its discretion to impose a sentence that factored in Hairston's criminal history, including his significant number of arrests and prior criminal convictions.

Based on the record, it is clear that the District Court gave meaningful consideration to all of the § 3553(a) factors and applied them reasonably to the facts of Hairston's case, after hearing recommendations, argument, and objections from counsel on both sides. In this situation, we defer to the District Court because it is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." . . .

III.

>We have considered all of Hairston's remaining arguments and conclude that they are without merit. For the foregoing reasons, we conclude that the District Court's sentence was reasonable under *Booker* and *Cooper*. Accordingly, we will affirm the judgment of sentence.

*Hairston*, 220 Fed.Appx. at 147-149 (citations omitted).

Petitioner's Motion to Vacate raises two grounds for relief: first, petitioner asserts that a state court conviction in which he was represented by counsel having an obvious conflict of interests improperly factored into this Court's determination that he was a career offender, and that this Court should resentence him without regard to that conviction, Motion to Vacate, Ground One, at 5; and second, he requests that this Court "exercise it's [sic] discretion in running sentence concurrent with state (Parole) sentence." Motion to Vacate, Ground Two, at 6.

After careful consideration of the Motion to Vacate, the government's response, the memoranda of law and exhibits offered in support and in opposition, and the entire record in this case, including the Presentence Investigation Report, the Court will deny the Motion to Vacate without an evidentiary hearing, and will decline to issue a certificate of appealability.

**II. Standards of Review.**

28 U.S.C. § 2255(b) provides:

>Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate

3

> and set the judgment aside and shall discharge the prisoner or
> resentence him or grant a new trial or correct the sentence as may
> appear appropriate.

When a motion is made under Section 2255, whether to conduct a hearing is within the sound discretion of the district court. In exercising that discretion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992), quoting *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

### III. Application.

The Court finds that the files and records of this case conclusively show that petitioner is not entitled to relief. Petitioner is foreclosed from collaterally attacking his sentence on the basis of a counseled state court conviction. A defendant in a federal sentencing proceeding may not collaterally attack, in federal court, the validity of a prior state conviction used to enhance his or her sentence under the Armed Career Criminal Act of 1984 ("ACCA") unless the prior conviction was obtained in complete denial of the right to counsel (a "*Gideon* challenge"). *Custis v. United States*, 511 U.S. 485, 487 (1994); *Daniels v. United States*, 532 U.S. 374 (2001) (with sole exception of convictions obtained in violation of right to counsel, motion to vacate, set aside, or correct sentence is not the appropriate vehicle for determining whether a conviction later used to enhance a federal sentence under ACCA was unconstitutionally obtained).

Moreover, as the Supreme Court held in *Daniels*, where a prior conviction used to enhance federal sentence under ACCA is no longer open to direct or collateral attack in its own

4

right because defendant failed to pursue those remedies while they were available, or because the defendant did so unsuccessfully, the "presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." 532 U.S. at 382. See also *Drakes v. INS*, 330 F.3d 600, 603-04 (3d Cir. 2003), citing *Daniels* and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("as in *Daniels*, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . [and] the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

Attached to petitioner's Motion to Vacate are documents from the Court of Common Pleas of Washington County affirmatively demonstrating that he did, in fact, challenge his state court conviction on the grounds that his counsel labored under an unconstitutional conflict of interests, and the state court did, in fact, deny his post conviction petition for relief. Therefore, the presumption of validity of his prior state court conviction is conclusive, and this Court must reject Ground One.

As to Ground Two, this Court does not have jurisdiction to direct his federal sentence to run concurrent to his subsequently imposed conviction on a state parole violation, and even if it did, the Court would not exercise its jurisdiction to do so in light of petitioner's criminal history.

5

## IV. Conclusion.

For the foregoing reasons, the Court will deny petitioner's Motion to Vacate by separate Order of Court.

                                               s/ Arthur J. Schwab
                                               Arthur J. Schwab
                                               United States District Judge

cc: All counsel of record

James Lamont Hairston, Pro Se
U.S. Penitentiary
Coleman II
P.O. Box 1034
Coleman, FL 33521-0879